ANTOINETTE NESTECKI, ADMINISTRATRIX AD PROSE-
QÜENDUM OF THE ESTATE OF IGNACEY NESTECKI,
DECEASED, PLAINTIFF, v. CENTRAL RAILROAD OF
NEW JERSEY, DEFENDANT.

Submitted February 2, 1931.—Decided July 2, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the rule, *William A. Barkalow* (*Edwin F. Smith,* of
counsel).

*Contra, Thomas V. Fields* (*Paul Koch,* of counsel).

PER CURIAM.

This is the defendant's rule to show cause why plaintiff's
verdict for $6,000 should not be set aside. The case was
tried at the Hudson Circuit on September 18th, 1930.

We think that the plaintiff's testimony reasonably tended
to show that on July 13th, 1927, plaintiff's intestate, Ignacey
Nestecki, was employed by the Marcy Foundry Company,
Incorporated, in Perth Amboy; that his work was that of
laborer, and in this connection it was his duty to direct the
placing of railroad cars containing materials for the use of
his employer's plant, and this he customarily did; that the
defendant railroad company had a side track into the prem-

ises owned by his employer; that this track ran between buildings; that this passageway was wide enough for the average sized car of the trains, and with some small space remaining on either side of overhanging of the cars; that, on the day of the accident, the train, operated by defendant's servants, entered the premises; that the train consisted of a locomotive, a box car and a flat car; that the flat car was loaded with pig iron for the plant of the decedent's employer; that this car was to be placed on a track at a point to be designated by the decedent, and left there; that the train was backed in, the flat car being first; that there was no conductor on the train, but there were two brakemen besides the engine crew; that when the train had passed through the gate and into the yard it was stopped at a point between certain buildings for the purpose of enabling the engineer to receive instructions as to the place where the flat car was to be left; that after the train had been stopped, one of the brakemen was sitting on the flat car and it was from him that the engineer took his signals; that this brakeman, from his position on the flat car, conversed with the superintendent of the plant who was standing along the tracks; that after the train had come to a stop, decedent came out of a building in which he had been working and started down alongside of the track in the direction of the flat car for the purpose of showing the train crew where the car was to be placed; that this he had done numerous times before, to the knowledge of the engineer and members of the crew; that in order to properly place the car it was necessary for the decedent to cross the track ahead of the flat car; that he started to cross the track, and as he started to cross he tripped on the rail and fell; that simultaneously with his fall the train, on signal from the brakeman who was sitting on the flat car, started; that the decedent attempted to avoid the oncoming train by crawling out of the way; that he was observed in this position by a fellow employe who immediately began to shout; that his cries attracted the attention of the train crew who then signaled to stop, but before the train could be stopped, the wheels of the flat car passed over the feet of the

decedent, causing the injury of which he died; that no whistle, signal, bell or other warning indicated the starting of the train, although the regulations of the railroad company required that this be done; that the signal to move the train was given by the brakeman on the flat car, while he was talking to the superintendent and facing in an opposite direction from the point occupied by the decedent.

Motions to nonsuit and to direct a verdict for the defendant were denied, and the jury rendered a verdict in favor of the plaintiff.

We think that it is clear that these motions were properly denied, since the above recited plaintiff's version of the case, although contradicted in some material aspects, required the submission of the case to the jury.

It is next said that the verdict was contrary to the weight of the evidence. Under this head it is argued that the decedent came to his injury by reason of his own act in attempting to cross the railroad tracks in front of a moving train, which he knew was in motion.

We think the answer to this contention is that it does not appear that the weight of the evidence is that the train was moving when the decedent started to cross the tracks, and certainly it does not appear by the greater weight of the evidence that he knew that the train was in motion when he started across. Upon this point the evidence admittedly is contradictory; but we have reached the conclusion, after having read it with care, that it cannot be said that the great weight of the evidence is that the train was in motion as he started to cross the tracks. On the contrary, it seems a reasonable conclusion from the evidence that, as stated repeatedly by an eye witness, "the cars started the same time as he fell."

We therefore conclude that it cannot be said that the verdict was contrary to the weight of the evidence as to contributory negligence.

We also conclude that the verdict, which was in effect that the proximate cause of the accident was the failure of the defendant to use reasonable care to so operate its train as to

protect persons who in the exercise of a lawful right might come in its line of travel, cannot be disturbed upon any ground urged.

The foregoing observations dispose of every question raised and argued.

The rule to show cause will be discharged, with costs.